# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
## Criminal Docket No.: 5:02CR23-V

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>LEONARD THOMAS NICHOLS, )<br>    Defendant. )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court on Defendant's "Motion For Re-sentencing And Motion To Stay Consideration Thereof," and "Supplemental Motion For Re-sentencing." (Documents #33, #34)

On January 14, 2003, Defendant pled guilty to Counts One through Three of the Superseding Bill of Indictment. On July 7, 2003, this Court sentenced Defendant to a total of 37 months imprisonment. Judgment was entered on August 12, 2003. Defendant elected not to appeal his conviction or sentence.

Defendant then filed a document challenging his sentence and conviction based upon the Supreme Court's ruling in Blakely v. Washington, 124 S. Ct. 2531 (2004). More specifically, Defendant alleged that his sentence could not withstand Blakely in light of "enhancements determinations not subject to indictment, jury consideration, or admissions." (8/9/04 Mot., at 1.) Recognizing that the Supreme Court would be addressing Blakely and its application to the federal sentencing guidelines during its upcoming term, Defendant asked the Court to stay consideration of his motion pending guidance from the Supreme Court.

Following the Supreme Court's ruling in United States v. Booker / Fanfan, Defendant submitted his Supplemental Motion requesting that the Court proceed with his original motion. United States v. Booker / Fanfan, 125 S. Ct. 738 (2005).[1] However, Defendant's motion stated "to the extent that the original motion filed herein is grounded on contentions that [Defendant's] enhancements should be considered by [a] jury, this position is no longer the position or focus of the motion in light of [the] *Booker* decision and in light of the plea agreement." (1/18/05 Supp. Mot., at 2-3.) Thus, Defendant's supplemental motion effectively seeks re-sentencing under the *post-Booker* advisory guideline regime and asks this Court to impose a lesser sentence based upon 18 U.S.C. §3553(a) factors.

Although captioned Motions For Re-sentencing, Defendant's filings are more properly construed as a Motion To Vacate, Set Aside, Or Correct Sentence pursuant to 28 U.S.C. § 2255.[2] However, since it cannot be said with certainty that Defendant wants this proceeding to come under §2255, in an abundance of caution, the Court hereby advises the Defendant of the following: 1) the Court will construe his filings as one Motion to

---

[1] In Booker, the Supreme Court held in part that certain mandatory provisions of the United States Sentencing Guidelines were unconstitutional. The Supreme Court found that portions of the guidelines should be considered as merely "advisory" by federal sentencing judges.

[2] The Court's research indicates that even in *pre-Booker* cases where the sentencing judge stated a provisional, alternative sentence in accordance with the Fourth Circuit's directive in United States v. Hammoud, those provisional sentences are not self-executing. *See* United States v. Hammoud, 378 F.3d 426 (4th Cir.2004), August 2, 2004 Order. Therefore, the only criminal defendants who have benefitted from retroactive application of Booker are those defendants whose cases were still on direct appeal at the time the opinion was decided.

Vacate pursuant to 28 U.S.C. § 2255; 2) if so construed, the Court will provide the Defendant with an opportunity to respond and / or supplement his motion; and 3) a consequence of converting Defendant's request for counsel into a §2255 motion is that any later attempt by Defendant to file a §2255 motion would be subject to dismissal as a second or successive petition. <u>United States v. Emmanuel</u>, 288 F. 3d 644, 649 (4th Cir.2002). Defendant should ensure that he understands the ramifications of submitting a §2255 petition which are described below.

In 1996, Congress passed the Antiterrorism and Effective Death Penalty Act ("AEDPA") which amended § 2255. In relevant part, § 2255 now provides that "[t]he limitation period shall run from the latest of (1) <u>the date on which the judgment of conviction becomes final</u>; (2) the date on which the impediment to making a motion created by governmental action in violation of the United States Constitution or the laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, **if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review**; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255 (*emphasis added*).

Generally, second or successive motions under §2255 are prohibited. 28 U.S.C. § 2255. A second or successive motion must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain --

> 1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no

reasonable factfinder would have found the movant guilty of the offense; or

2) **a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court,** that was previously unavailable.

If the above-stated criteria is not met, the district court can dismiss the petition. Rules Governing Section 2255 Proceedings, Rules 4(b), 9(b) (*emphasis added*).

Significantly, the Fourth Circuit recently held that Booker is not to be applied retroactively on collateral review. *See* United States v. Morris, 429 F.3d 65, 72 (4th Cir.2005)(criminal defendant unable to raise Blakely or Booker claim for the first time in §2255 petition when judgment of conviction became final before the Supreme Court decided Booker).

Finally, the Court recognizes that Defendant is nearing the end of his term of imprisonment.[3] In the event Defendant simply wishes to withdraw the instant motion, he may do so by informing the Court in writing by the date below.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant shall **RESPOND** to the instant Order **on or before February 21, 2006,** specifically advising the Court as to Defendant's preferred characterization and treatment of the filings;

2. If Defendant fails to respond, the Court will construe the filing as a petition pursuant to 28 U.S.C. §2255 and proceed accordingly; and

3. The Clerk shall send copies of this Order to the Defendant, Defense Counsel, and the United States Attorney's Office.

---

[3] The Bureau of Prisons' website indicates that Defendant is currently being housed in a Community Confinement facility in Creedmooor, North Carolina, with an expected release date of March 2006.

4

Signed: February 9, 2006

*Richard L. Voorhees*
Richard L. Voorhees
Chief United States District Judge